**SO ORDERED.**

**SIGNED this 01 day of March, 2010.**

_____
J. Rich Leonard
United States Bankruptcy Judge

_____

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
### RALEIGH DIVISION

| | |
|---|---|
| IN RE: | CASE NO. |
| BELINDA S. RICE, | 05-05064-5-ATS |
|     Debtor. | Chapter 7 |
| | |
| DONALD C. SEIFERT, JR., | |
|     Plaintiff, | Adversary Proceeding No. |
|     v. | 09-00014-5-JRL |
| BELINDA S. RICE, | |
|     Defendant. | |

## ORDER

This case is before the court on the debtor's motion for summary judgment. On February 11, 2010, the court conducted a hearing on this matter in Raleigh, North Carolina.

## JURISDICTION

This court has jurisdiction over the parties and the subject matter of this proceeding pursuant to 28 U.S.C. §§ 151, 157, and 1334, and the General Order of Reference entered by the United States District Court for the Eastern District of North Carolina on August 3, 1984. This

is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), which this court may hear and determine.

## UNDISPUTED FACTS

1.  The debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code on October 13, 2005.

2.  Holmes P. Harden ("Trustee") was appointed to serve as trustee for the debtor.

3.  The trustee entered a report of no distribution on November 22, 2005.

4.  The debtor's discharge and final decree were entered on January 18, 2006.

5.  Prior to the filing of the debtor's bankruptcy petition, Donald Seifert, Jr. ("Seifert"), filed a complaint in the Vance County Superior Court captioned <u>Donald Clemens Seifert, Jr. and Uniglobe Fareway Travel, Inc. v. Foster Ferryman, East Coast Consultants, Inc. and Belinda K. Shellem</u>; case number 97-CVS-592, alleging breach of contract and fraud and seeking compensatory and punitive damages from the debtor and her co-defendants.

6.  The debtor, formerly known as Belinda Shellem, did not participate in the proceedings.

7.  A default judgment was entered against the debtor on January 9, 1998, in the amount of $750,000.00.

8.  Seifert was not listed as a creditor on the debtor's schedules.

9.  Seifert's co-plaintiff and solely-owned corporation, Uniglobe Fairway Travel, Inc. ("Uniglobe"), was listed as a judgment creditor on the debtor's schedule F as the holder of a claim in the amount of $750,000.00.

10. Timely notice of the debtor's bankruptcy was sent to Uniglobe in care of the law firm Zollicoffer & Long, the attorney of record for Seifert and Uniglobe in the judgment action

against the debtor. Such notice was received by Zollicoffer & Long.

11.     On March 23, 2009, Seifert filed a motion to reopen the debtor's chapter 7 case, asserting that as an unlisted creditor he should be given an opportunity to object to the discharge of his claim against the debtor.

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 56(c), made applicable in bankruptcy by Bankruptcy Rule 7056, summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986). The "plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322, 106 S. Ct. at 2552. In making this determination, conflicts are resolved by viewing all facts and all reasonable inferences in the light most favorable to the nonmoving party. United States v. Diebold, Inc., 369 U.S. 654, 655, 82 S. Ct. 993, 994 (1962).

## DISCUSSION

Under § 523 of Title 11 of the United States Code, a debt is excepted from discharge if an individual debtor "neither listed nor scheduled under section 521(1) . . . the name, if known to the debtor, of the creditor to whom such debt is owed in time to permit . . . filing of a proof of claim and timely request for a determination of dischargeability of such debt . . . ." 11 U.S.C. §

3

523(a)(3)(B). However, the statute provides a safety net for the debtor in situations where the creditor had "notice or actual knowledge of the case in time for such timely filing." Id. To satisfy due process and the procedural requirements of bankruptcy law, notice provided by the debtor must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950).

Knowledge of a bankruptcy proceeding may be imputed to a creditor whose attorney received notice under principles of agency law. See, e.g. In re Price, 871 F.2d 97, 99 (9th Cir. 1989) (finding that the creditor's counsel having actual knowledge of the bankruptcy in time to file a complaint or motion for extension of time constituted reasonable notice to the creditor); In re Tucker, 235 B.R. 575, 579-80 (Bankr. M.D.N.C. 1998) (holding that although the creditor did not timely receive formal notice of the proceedings, the creditor's attorney having actual knowledge in time to file a complaint afforded the creditor reasonable notice). Although representation of a party in one matter does not make the attorney an agent for that party in an unrelated matter, Maldonado v. Ramirez, 757 F.2d 48, 51 (3d Cir. 1985), an attorney is a creditor's agent in the context of a bankruptcy case if the attorney represented the creditor in a matter related to the creditor's claim against the debtor, In re Schicke, 290 B.R. 792, 802-03 (10th Cir. B.A.P. 2003). "It is generally held that an attorney who represents a creditor in matters against a debtor prepetition, such as in obtaining or collecting a judgment that will be affected by discharge, will be an agent of the creditor in the context of a debtor's bankruptcy case." Schicke, 290 B.R. at 802-03 (citing In re Price, 871 F.2d 97, 99 (9th Cir. 1989); Maldonado, 757 F.2d at 51; Ford Motor Credit Co. v. Weaver, 680 F.2d 451, 457-58 (6th Cir.

4

1982); In re Land, 215 B.R. 398, 104 (8th Cir. BAP 1997); Linder v. Trump's Castle Assoc., 155 B.R. 102, 104-05 (D.N.J. 1993); In re Slaiby, 57 B.R. 770, 773 (D.N.H. 1985); In re Linzer, 264 B.R. 243, 248 (Bankr. E.D.N.Y. 2001); In re Silver, 107 BR 328, 329 (Bankr. D.N.M. 1989); Matter of Fulton, 3 B.R. 600, 603 (Bankr. E.D. Mi. 1980)).  However, it does not follow that notice sent to an attorney pertaining to one client imputes notice to the attorney's other client with matters relating to the debtor's bankruptcy.  Maldonado, 757 F.2d at 51 (holding that an attorney given notice of the bankruptcy on behalf of one client cannot be expected to go through his client list to ascertain whether the bankruptcy may impact any other clients).

It is undisputed that Seifert was not listed as a creditor in the debtor's schedules.  It is also undisputed that Zollicoffer & Long represented Seifert and Uniglobe in the judgment action and that the law firm received notice of the debtor's bankruptcy.  Therefore, the issues before the court are (1) whether Seifert's attorney in the judgment action was his agent as to the bankruptcy proceedings and (2) whether notice addressed to Uniglobe, LLC, in care of Zollicoffer & Long, was sufficient to provide notice that Seifert's rights would be impacted in the bankruptcy proceedings.  Based on the record, the court answers both questions affirmatively, finding that the debtor provided the requisite notice to Seifert through his agent at Zollicoffer & Long.  Following the majority of courts addressing the issue, the court finds that the agency relationship established between the creditors and their attorney in order to obtain a judgment against the debtor extends to bankruptcy proceedings concerning that same judgment.  Although it is generally held that notice provided to an attorney about proceedings affecting one of the attorney's clients does not impute notice as to the attorney's other clients, the facts of the instant case render the general rule inapplicable.  Seifert employed the law firm of Zollicoffer & Long,

5

both in his individual capacity and in his capacity as sole owner of Uniglobe LLC, as his agent to represent him and his business in obtaining a judgment against the debtor. From a practical standpoint, the notice provided to Zollicoffer and Long indicating that Uniglobe's rights stood to be impacted by the debtor's bankruptcy should have been sufficient to alert the attorney that Uniglobe's co-plaintiff would also be affected. Even if the attorney cannot be expected to make the connection between the co-plaintiffs he jointly represented, any information passed onto Uniglobe would have gone directly to Seifert as the company's owner thereby providing Seifert with actual knowledge of the bankruptcy. Thus, it is reasonable that notice which can be imputed to Uniglobe can also be imputed to Seifert. While it is unfortunate that Seifert was not notified by his attorney of the bankruptcy proceedings, the debtor fulfilled her obligations by providing notice, which was reasonably calculated under the circumstances to inform Seifert of the bankruptcy action and afford him an opportunity file a claim and to present his objections.

Based on the foregoing, the debtor's motion for summary judgment is GRANTED, and it is hereby ordered that the debtor's chapter 7 case be closed once again.

**"END OF DOCUMENT"**